**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01075-REB-KMT

LAWRENCE COUNTRYMAN, on behalf of himself and all others similar situated,

    Plaintiff,

v.

FARMERS INSURANCE EXCHANGE, an insurer, and owner of MID-CENTURY INSURANCE COMPANY, a California corporation,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**Blackburn, J.**

The matters before me are (1) **Plaintiff's Motion To Remand** [#10][1] filed June 4, 2010; (2) **Defendants' Motion To Dismiss the Claims of the Two-Year Limitation Subclass and Memorandum of Law in Support** [#9] filed May 18, 2010; and (3) **Plaintiff's Motion for Class Certification** [#40] filed September 15, 2010. I grant the motion to remand and deny the other motions without prejudice as moot.

## I. JURISDICTION

I putatively have jurisdiction over this case pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) (CAFA).

## II. STANDARD OF REVIEW

Under the terms of CAFA, the district courts have original jurisdiction of any civil

---

[1] "[#10]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

action in which minimum diversity exists and the amount in controversy exceeds $5 million, exclusive of interest and costs, when all individual class members' claims are aggregated. 28 U.S.C. §§ 1332(d)(2) & (d)(6). *See also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 571-72, 125 S.Ct. 2611, 1627-28, 162 L.Ed.2d 502 (2005). Class actions are generally removable in accordance with the removal procedures of 28 U.S.C. § 1446. 28 U.S.C. § 1453(b).[2] Under that section, in order to properly effectuate removal, "[a] defendant or defendants . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1446(a).

The notice of removal must be filed within thirty days after service of the initial pleading. *Id.* § 1446(b). *See also Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356, 119 S.Ct. 1322, 1329-30, 143 L.Ed.2d 448 (1999) (holding that deadline for removal does not begin to run until party is formally served with process). A defendant who does not act within this deadline forfeits its right to remove the action to federal court. *See Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999). Because they seek to invoke the federal court's jurisdiction, defendants bear the burden of establishing that removal was proper. *See Martin v.*

---

[2] However, the one-year limitation of 28 U.S.C. § 1446(b) does not apply to class actions, and class actions may be removed by any defendant alone, without the consent of the other defendants. 28 U.S.C. § 1453(b).

2

***Franklin Capital Corp.***, 251 F.3d 1284, 1290 (10th Cir. 2001).  ***See also Blockbuster, Inc. v. Galeno***, 472 F.3d 53, 58 (2nd Cir. 2006) (concluding that CAFA does not alter traditional allocation of burden of proof in cases removed thereunder and citing cases to effect that "[e]very circuit court that has considered this issue has reached the same conclusion").

### III.  ANALYSIS

In this suit, plaintiff served copies of the summons and complaint on defendants April 7, 2010.  Defendants jointly removed the case to this court on May 7, 2010.  In so doing, however, defendants failed to attach a copy of the summons served on Mid-Century Insurance Company, contrary to the removal statute's requirement that the notice of removal attach copies of "*all* process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a) (emphasis added).  I have previously found that failure to adhere strictly to the unequivocal language of the statute by not including every document served on the removing party constitutes a fatal defect in removal procedure, necessitating remand.  ***Kinateder v. American Family Mutual Insurance Co. of Wisconsin***, 2009 WL 539668 at *1-*2 (D. Colo. March 4, 2009); ***Smith v. Times Insurance Co.***, 2008 WL 4452147 at *1-*2 (D. Colo. Sept. 30, 2008).

Defendants provide no persuasive reason for me to depart from those precedents in this case.  As I have found previously,

> Justice is best served when the law operates predictably and reliably.  Engaging in somewhat arbitrary exercises of "discretion" to avoid what might seem to be the inflexible operation of a persnickety rule undermines that predictability,

>  and, more importantly, operates as an artificial relief valve
> that prevents sufficient pressure from building in opposition
> to the rule to force its rethinking. If the Court should not
> apply the text of § 1446(a) strictly as written, that command
> should come from the Supreme Court or the 10th Circuit, not
> from the fact that other District Courts have chosen not to do
> so.
>
> . . . . The language of the statue plainly requires that all process be
> included with the notice of removal. All means all, not almost.

**Smith**, 2008 WL 4452147 at *2 (quoting **Durand v. The Hartford Life & Accident Insurance Co.**, 2007 WL 1395336 at *1 (D. Colo. May 9, 2007) (Krieger, J.)). Given the limited nature of removal jurisdiction and the concomitant directive to strictly construe removal statutes, as well as the trivial burden on a removing party of complying with the statutory requirement to attach all process, pleadings, and orders served on it, I perceive no error in my previous interpretation of the law on this point.

Defendants' only legal argument is that, because defendant Farmers Insurance Exchange attached all process, pleadings, and orders served on it, and because it could remove pursuant to section 1453(b) without the consent of defendant Mid-Century Insurance Company, the defect in failing to attach all process, pleadings, and orders served on Mid-Century is irrelevant.[3] Assuming *arguendo* that this theory has any traction, which I do not concede, its application in this case is purely hypothetical. The fact is that defendants in this case jointly filed a notice of removal and, thus, jointly assumed the responsibility to attach all process, pleadings, and orders served on either

---

[3] Defendants also simply assert that I should reconsider my previous interpretation of the removal statutes, based on dicta in a case in which the district judge remanded for defects in removal procedure, that the law on this point is "unsettled." **Day Imaging, Inc. v. Color Labs Enterprises, L.L.C.**, 2009 WL 4884274 at *2 (D. Colo. Dec. 11, 2009). Whatever the state of the law in the federal courts generally, in this court, the law on this matter *is* settled, at least until the Tenth Circuit or United States Supreme Court sees fit to address the issue and instruct otherwise.

of them. Having chosen to do so, they were required to comply strictly with the requirements of section 1446. In this they failed, which constitutes a defect in removal procedure, necessitating remand.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion To Remand** [#10] filed June 4, 2010, is **GRANTED**;

2. That **Defendants' Motion To Dismiss the Claims of the Two-Year Limitation Subclass and Memorandum of Law in Support** [#9] filed May 18, 2010, is **DENIED WITHOUT PREJUDICE AS MOOT**;

3. That **Plaintiff's Motion for Class Certification** [#40] filed September 15, 2010, is **DENIED WITHOUT PREJUDICE AS MOOT**;

4. That all pending deadlines in this case, as well as the Trial Preparation Conference, currently scheduled for Friday, August 19, 2011, at 4:00 p.m., and the trial, scheduled to commence on Monday, September 19, 2011, are **VACATED**;

5. That this case is **REMANDED** to the District Court of Montrose County, Colorado (where it was filed originally as Case No. 2010CV142).

Dated November 3, 2010, at Denver, Colorado.

                                              **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge