**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01075-REB-KMT

LAWRENCE COUNTRYMAN, on behalf of himself and all others similar situated,

    Plaintiff,

v.

FARMERS INSURANCE EXCHANGE, an insurer, and owner of MID-CENTURY INSURANCE COMPANY, a California corporation,

    Defendant.

**ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS
AND ORDER REQUIRING SUPPLEMENTAL BRIEFING**

**Blackburn, J.**

The matter before me is **Defendants' Motion To Dismiss the Claims of the Two-Year Limitation Subclass and Memorandum of Law in Support** [#67][1] filed August 12, 2011. I deny the motion without prejudice and order the parties to submit supplemental briefing as follows.

This is a putative class action for breach of insurance contract and related causes of action. Defendants issued automobile insurance policies to plaintiff and other similarly situated individuals in Colorado, which policies provide coverage for "reasonable and customary expense[s] for necessary medical services furnished within two years from the date of the accident, because of bodily injury sustained by an insured person." Plaintiff claims that this limitation is void and unenforceable and, thus,

---

[1] "[#67]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

seeks to represent, *inter alia*, a subclass of individuals defined as:

> All eligible injured persons, as defined by C.R.S. § 10-4-635(2)(a), who are Colorado residents, who have received Med-Pay benefits under Defendants' insurance policies, and whose claims for payment of medical bills were:
>
> . . . .
>
> (3)(a) only partially paid and the two-year limit policy language was cited as an explanation for partial payment, or (b) not submitted before the second anniversary of the accident and the associated medical records reference the covered automobile accident as the basis for treatment . . .

Defendants have moved to dismiss the claims of this putative "two-year limitation subclass."

The substantive basis for all the various claims of the two-year limitation subclass is §10-4-635, C.R.S., which provides, in relevant part:

> no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided in the policy or in a supplemental policy for medical payments with benefits of five thousand dollars for bodily injury, sickness, or disease resulting from the ownership, maintenance, or use of the motor vehicle.

§10-4-635(1)(a), C.R.S.  Because the statute itself does not limit the time in which claims for such "med-pay" benefits must be submitted, plaintiff concludes that the policies' restriction to that effect is an attempt to "dilute, condition, or limit statutorily mandated coverage," and, thus, void and unenforceable as contrary to public policy. **See DeHerrera v. Sentry Insurance Co.**, 30 P.3d 167, 173 (Colo. 2001) (citation and internal quotation marks omitted).

2

Yet plaintiff's argument begs the question: What coverage does the statute mandate? A statute's silence on a matter does not necessarily lead to the conclusion that additional conditions or limitations not expressly addressed therein are precluded,[2] especially where the particular condition or limitation "would be expected to be within [the statute's] scope." **People v. Carey**, 198 P.3d 1223, 1229 (Colo. App. 2008). **See also People v. Newton**, 764 P.2d 1182, 1189 (Colo. 1988); **People v. Mosley**, 2011 WL 5865891 at *3 (Colo. App. Nov. 23, 2011). It appears to this court that a limitation on the time in which claims for med-pay benefits must be submitted is one such limitation. If true, then the statute is ambiguous, and when "explicit statutory provisions are ambiguous or silent regarding the matter at issue, [the court] interpret[s] the statute to comport with the legislature's objectives." **Buckley v. Chilcutt**, 968 P.2d 112, 117 (Colo. 1998).

However, the task of interpreting legislative purpose and intent from the patchwork that followed the 2003 sunset of the Colorado Auto Accident Reparations Act, §§10-4-701 – 10-4-726, C.R.S. ("CAARA"), is not an easy one. Certain provisions of CAARA have been reenacted, such that certain types of minimum coverages still must be carried by and/or offered to insureds. **See generally** Grund, John W.; Miller, J. Kent; & Jackson, Graden P., *Practice Pointers*, **COLORADO PRACTICE SERIES, PERSONAL INJURY PRACTICE – TORTS AND INSURANCE** § 48.1 (2nd ed. 2011); Laugesen,

---

[2] Relatedly, a policy exclusion or limitation is not void simply because it narrows the circumstances under which coverage applies. **Cruz v. Farmers Ins. Exchange**, 12 P.3d 307, 312 (Colo. App. 2000); **Farmers Insurance Exchange v. Chacon**, 939 P.2d 517 (Colo. App. 1997). "Even within the context of statutorily mandated insurance, insurers are free to include 'conditions and exclusions that are not inconsistent with' Colorado's mandatory insurance laws." **Bailey v. Lincoln General Insurance Co.**, 255 P.3d 1039, 1047 (Colo. 2011) (quoting § 10–4–623(1), C.R.S.).

Richard W., *After the Sunset – Colorado Motor Vehicle Insurance Post-July 1, 2003*, COLORADO LAWYER 111-115 (July 2003).  Med-pay benefits, by comparison, are one of the new categories of benefits covering economic losses that previously fell under the umbrella of CAARA's mandatory no-fault personal injury protection ("PIP") benefits.  As a consequence, there is limited decisional authority regarding the parameters of these types of benefits, and none directly on point with the issue presented here.

The resolution of the question of legislative intent may be dispositive of the motion, as all the claims of the putative subclass – indeed, the very existence of the subclass – are premised on the notion that the policies' two-year submission deadline is void and unenforceable under Colorado law.  If it does not, then not only are defendants not liable for violation of the statute itself (regardless whether a private right of action exists for violation thereof), but they cannot have breached their contractual obligations by including this provision, nor can they have committed a deceptive trade practice in so doing.

However, as neither defendants nor plaintiff have addressed the issue of legislative intent in any depth in their briefs, I find I am unable to resolve this seminal issue.  I find and conclude that the issues presented by the motion would be illuminated further, and resolution thereof enhanced, by requiring the parties to address the question of legislative intent in supplemental briefing.  In the meantime, the motion to dismiss these claims will be denied without prejudice.[3]

---

[3] The parties need not reiterate the issues and arguments raised in their initial papers in order to preserve them for the court's review.  After supplemental briefing is concluded, I will consider all arguments raised in both motions to the extent necessary to resolve the issues inherent to the motions.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion To Dismiss the Claims of the Two-Year Limitation Subclass and Memorandum of Law in Support** [#67] filed August 12, 2011, is **DENIED WITHOUT PREJUDICE**;

2. That by **April 2, 2012**, defendants' **SHALL FILE** a supplemental motion to dismiss addressing the question of legislative intent vis-à-vis §10-4-635, C.R.S.;

3. That the response and any reply **SHALL BE FILED** in the time and manner prescribed by **D.C.COLO.LCivR** 7.1C.; and

4. That the page limitations prescribed by **REB Civ. Practice Standard** IV.B.1. **SHALL APPLY** to the supplemental motion, response, and reply.[4]

Dated February 29, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[4] However, this order relieves the parties of the usual obligation to seek leave of court to file a second motion if the combined page total of both motions exceeds the court's page limitations. **See REB Civ. Practice Standard** IV.B.1 (providing that "opening briefs and response briefs shall not exceed fifteen (15) pages total for all such motions (not each such motion) filed by that party").