**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01075-REB-KMT

LAWRENCE COUNTRYMAN, on behalf of himself and all others similar situated,

    Plaintiff,

v.

FARMERS INSURANCE EXCHANGE, an insurer, and owner of MID-CENTURY
INSURANCE COMPANY, a California corporation, and
MID-CENTURY INSURANCE COMPANY, a California corporation,

    Defendants.

## ORDER DENYING MOTION FOR CLASS CERTIFICATION

**Blackburn, J.**

    The matter before me is plaintiff's **Motion for Class Certification** [#76],[1] filed September 9, 2011. I deny the motion in part and deny it as moot in part.

    The motion originally sought certification of three separate subclasses, designated as the repricing, apportionment, and two-year limitations subclasses. The claims of the repricing subclass were dismissed by stipulation of the parties. (*See* **Order** [#88], filed December 6, 2011.) The present motion therefore was deemed moot in part with respect to the claims of the repricing subclass. (*Id.* ¶ 2 at 2.) Subsequently, I granted defendant's motion to dismiss the claims of the two-year limitations subclass. (*See* **Order Granting Motion To Dismiss** [#100], filed June 6, 2012.) The class certification motion therefore now is moot as to those claims.

---

[1] "[#76]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

The only claims that remain pending for consideration of class certification are those of the apportionment subclass. However, plaintiff has failed to establish that the membership of this discrete class is so numerous that joinder of all members is impracticable. **FED. R. CIV. P.** 23(a). ***See also Trevizo v. Adams***, 455 F.3d 1155, 1162 (10th Cir. 2006) (party seeking class certification "must show 'under a strict burden of proof that all four requirements are clearly met.") (citation and internal quotation marks omitted). The allegations of the complaint on which plaintiff urges me to rely to establish the elements of class certification are insufficient to establish this essential element of entitlement to class treatment. Plaintiff gives few specifics as to the potential number of claimant in the apportionment subclass, suggesting instead that "the exact number of class members can readily be determined by review of information maintained by Defendants." (***See* Rule 23 Complaint and Jury Demand** ¶ 65 at 18 [#2], filed May 7, 2010.)[2] Defendant's evidence, however, demonstrates that apportionment of med-pay claims is exceptionally rare. (***See* Def. Resp. App.**, Exh. 5 ¶ 6 at 4; ***id.***, Exh. 7 ¶ 8 at 4-5.)

I therefore find and conclude that plaintiff has failed to establish at least the Rule 23(a) requirement of numerosity. Accordingly, his motion for certification as to that class must be denied.

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion for Class Certification** [#76], filed September 9, 2011, is **DENIED IN PART** and **DENIED AS MOOT** in part as follows:

---

[2] Instead, the complaint details the potential number of claimants in the repricing subclass.

1.  That the motion is **DENIED** with respect to the request to certify the claims of the apportionment subclass; and

2.  That the motion is **DENIED AS MOOT** with respect to the request to certify the claims of the two-year limitations subclass.

Dated June 14, 2012, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge